502 S.E.2d 926

**David C. JAMES, Plaintiff Below, Appellee,**

v.

**Vickie V. JAMES, Defendant Below, Appellant.**

**No. 24677.**

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1998.

Decided May 18, 1998.

Arden J. Curry, Pauley, Curry, Strugeon & Vandeford, Charleston, for Appellee.

William C. Garrett, Gassaway, for Appellee.

PER CURIAM:[1]

Vickie V. James, the appellant in this divorce appeal, claims that the Circuit Court of Braxton County erred in failing to adopt the recommendations of the family law master relating to the distribution of the parties' marital home and to the distribution of the value of a GTX Plymouth automobile.

## I.

This appeal stems from a property distribution order entered by the Circuit Court of Braxton County on May 9, 1997. In that order, the circuit court ruled that $41,798.84 contributed by the appellant's husband, David C. James, and his grandfather, toward the construction of the parties' jointly-owned marital home was the separate property of David C. James. The circuit court also ruled that the total value of a GTX Plymouth automobile, purchased by David C. James prior to the parties' marriage, but restored with marital funds after the parties' marriage, was wholly the separate property of David C. James.

In making this order, the circuit court rejected the recommendations of the family law master that the contributions to the marital home be treated as marital property and that the increase in value of the GTX Plymouth automobile, attributable to the expenditure of marital funds, also be treated as marital property.

## II.

■ The standard of review in cases such as this is set forth in Syllabus Point 1 of *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995), as follows:

A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of the law to

the facts under an abuse of discretion standard.

■ In Syllabus Point 3 of the same case, it is stated that under the clearly erroneous standard, if the findings of fact and the inferences drawn from them are supported by substantial evidence, the findings and inferences should not be overturned by the circuit court.

## III.

■ In *Whiting v. Whiting*, 183 W.Va. 451, 396 S.E.2d 413 (1990), this Court discussed the circumstances under which property should be classified as marital or separate in a divorce proceeding. Among other things, the Court indicated that where, during the course of the marriage, one spouse transfers title to separate property into the joint names of both spouses, a presumption arises that the transferring spouse intended to make a gift to the marital estate. Syllabus Point 4, *Whiting v. Whiting, id.* The Court also indicated that where the property is jointly utilized for marital purposes, that fact is an indicium that the transfer was intended to make the property marital property. Note 18, *Whiting v. Whiting, id.*

■ In the present case the evidence shows that David C. James applied the $41,798.84 which was previously his separate property, and which was, in part, obtained from his grandfather, to the construction of the parties' jointly-owned home, a home which was later jointly utilized by the parties as their marital residence. These facts, when read in light of the holding in *Whiting v. Whiting, id.*, indicate to this Court that there was substantial evidence to support the family law master's conclusion that the $41,798.84 was converted into marital property.

■ With regard to the family law master's recommendation that the increase in value of the GTX Plymouth automobile be treated as marital property, the Court notes that West Virginia Code § 48–2–1(e), specifically provides that marital property includes:

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

(2) The amount of any increase in value in the separate property of either of the parties to a marriage, which increase results from (A) an expenditure of funds which are marital property, including an expenditure of such funds which reduces indebtedness against separate property, extinguishes liens, or otherwise increases the net value of separate property, or (B) work performed by either or both of the parties during the marriage.

The evidence is clear that David C. James expended funds from the parties' joint marital checking account for such things as restoring the GTX Plymouth automobile and that Vickie V. James helped clean it. In light of this, this Court believes that there was substantial evidence to support the family law master's recommendation that the increase in value after the marriage should be treated as marital property.

As previously stated, *Stephen L.H. v. Sherry L.H., supra*, requires a circuit court to adopt a family law master's findings of fact and conclusions if they are supported by substantial evidence and not the result of an abuse of discretion. Here the family law master's findings and conclusions that the $41,798.84 contributed to the construction of the marital home and the increase in value of the GTX Plymouth automobile after the parties' marriage were marital property were supported by substantial evidence and were consistent with the law. In light of this, the Court believes the circuit court erred in refusing to adopt the family law master's recommendations. The circuit court's order is, therefore, reversed, and this case is remanded with directions that the circuit court adopt the family law master's recommendations relating to the distribution of the value of the marital home and the increase in value of the GTX Plymouth automobile.

Reversed and remanded with directions.